Martin F. Casey
Christopher M. Schierloh
**CASEY & BARNETT, LLC**
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225
Attorneys for Plaintiff

JUDGE McMAHON

14 CV 00055

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA a/s/o LINDT & SPRUNGLI
(USA), INC.,

        Plaintiff,

    - against -

M/V SKOGAFOSS her engines, boilers, machinery,
etc. *in rem;* W. BOCKSTIEGEL GMBH & CO
REEDEREI KG ms PACIFIC CARRIER; W.
BOCKSTIEGEL REEDEREI GMBH & CO KG;
EIMSKIP TRANSPORT BV and EIMSKIP ISLAND

        Defendants.
-------------------------------------------------------------X

14 Civ.

**COMPLAINT**

RECEIVED
JAN - 6 2014
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, Indemnity Insurance Company of North America a/s/o Lindt & Sprungli (USA), Inc., by and through its attorneys, Casey & Barnett, LLC, as and for its Complaint, alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

2. At all material times, Indemnity Insurance Company of North America (hereinafter "IINA" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 10 Exchange Place,

Jersey City, New Jersey 07302 and was the subrogated underwriter of a consignment of chocolates, as more specifically described below.

3.  At all material times, Lindt & Sprungli (USA), Inc. (hereinafter "Lindt") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at One Fine Chocolate Place, Stratham, New Hampshire, 03885, and was the owner, consignee and/or assured of the consignment of chocolates that is the subject matter of this litigation.

4.  At all material times, defendant, W. BOCKSTIEGEL GMBH & CO REEDEREI GMBH ms PACIFIC CARRIER (hereinafter "Pacific Carrier" and/or defendant) was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at Steinweg 3A, Emden 26721 Germany, and was at all times acting in the capacity of a vessel owner, operator, technical manager and/or carrier and at all relevant times was and is doing business within the jurisdiction of this Honorable Court.

5.  At all material times, defendant, W. BOCKSTIEGEL REEDEREI GMBH & CO KG (hereinafter "W Bockstiegel" and/or defendant) was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at Steinweg 3A, Emden 26721 Germany, and was at all times acting in the capacity of a vessel owner, operator, technical manager and/or carrier and at all relevant times was and is doing business within the jurisdiction of this Honorable Court.

6.  At all material times, defendant, EIMSKIP TRANSPORT BV (hereinafter "Eimskip" and/or defendant) was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located c/o Eimskip USA Inc., One Columbus Center, Suite 500, Virginia Beach, VA 23462-6784, and was at all times acting in the

capacity of a common carrier and at all relevant times was and is doing business within the jurisdiction of this Honorable Court.

7.  At all material times, defendant, EIMSKIP ISLAND (hereinafter in conjunction with Eimskip Transport "Eimskip" and/or defendant) was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located c/o Eimskip USA Inc., One Columbus Center, Suite 500, Virginia Beach, VA 23462-6784, and was at all times acting in the capacity of a common carrier and at all relevant times was and is doing business within the jurisdiction of this Honorable Court.

8.  Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

## RELEVANT FACTS

9.  On or about December 19, 2012, a consignment, consisting of 9,773 cases of Chocolates laden into containers EIMU 4698412 and EIMU 4697993, then being in good order and condition, was delivered to the M/V SKOGAFOSS and to defendants Pacific Carrier, W Bockstiegel and Eimskip and/or their agents at Wuerselen, Germany for transportation to Boston, Massachusetts via Rotterdam, Netherlands and Reykjavik, Iceland, in consideration of an agreed upon freight, pursuant to Eimskip bills of lading numbers EIMUSKO302REW006 and EIMUSKO302REW015, each dated December 19, 2012 and the aforementioned bills of lading were issued.

10. On or about December 29, 2012, the aforementioned consignments were transshipped aboard the M/V SKOGAFOSS in Reykjavik, Iceland and stowed on the foredeck of the vessel for transit to Boston, Massachusetts.

11. During the ocean transit from Iceland to Massachusetts the vessel encountered a storm which caused water to board the vessel and which caused physical damage to, *inter alia*, the aforementioned two containers laden with Plaintiff's chocolates.

12. Upon discharge of the containers in Boston on or about January 15, 2013, and as a result of the foregoing, it was discovered that the consignment was not in the same good order and condition as when received by the defendants, but instead, had suffered wetting and physical damage during the ocean transit.

13. As a result of the damages sustained to the shipment, Lindt sustained a loss.

14. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendants.

15. At all times relevant hereto, a contract of insurance for property damage was in effect between Lindt and IINA, which provided coverage for, among other things, loss or damage to the consignment.

16. Pursuant to the aforementioned contract of insurance between Lindt and IINA, monies have been expended on behalf of Lindt to the detriment of IINA due to the damages sustained during transit.

17. As IINA has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, IINA has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendant.

18. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $155,000.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

19. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 18, inclusive, as if herein set forth at length.

20. During the course of the Atlantic Ocean crossing, the vessel encountered weather conditions such that seas washed across the weather deck of the vessel and causing physical damage to two or more containers, including the subject containers, EIMU 4698412 and EIMU 4697993.

21. The defendants and M/V SKOGAFOSS failed to deliver the cargo to plaintiff at destination in the same good order and condition as when received by defendants at the port of loading.

22. The loss of the aforementioned consignments of chocolates did not result from any act or omission on the part of plaintiff or on the part of the shipper, but to the contrary, was the result in whole or in part, of the negligence and/or fault of defendants and/or the unseaworthiness of the M/V SKOGAFOSS.

23. By reason of the foregoing, plaintiff has sustained damages in the total amount of $155,000 plus expenses, no part of which has been paid, although duly demanded.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST PACIFIC CARRIER AND W BOCKSTIEGEL

24. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 23, inclusive, as if herein set forth at length.

25.    As the owner, operator, charterer, and/or manager of the M/V SKOGAFOSS, defendants Pacific Carrier and/or W Bockstiegel were responsible for properly manning, maintaining and repairing the vessel and for otherwise exercising due diligence to ensure that the vessel was seaworthy and fit to carry the cargoes that were delivered to and loaded on board the M/V SKOGAFOSS during winter North Atlantic voyages. Moreover, the said defendants were sub-bailees of the cargoes referred to in the First Cause of Action and in any event, as the parties having custody and control of the property and chattels of others, said defendants were obligated to exercise due diligence to properly care for those cargoes, a responsibility which included exercising due diligence to ensure that the M/V SKOGAFOSS was seaworthy for the voyage to the United States.

26.    The losses sustained by plaintiff were caused, in whole or in part, by the negligence and fault of defendant, and/or its agents, representatives and independent contractors for whose acts and omissions it was responsible, including, but not limited to, their failure to maintain the M/V SKOGAFOSS in a seaworthy condition.

27.    By reason of the foregoing, plaintiff has sustained damages in the total amount of $155,000, plus expenses, no part of which has been paid, although duly demanded.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST PACIFIC CARRIER AND W BOCKSTIEGEL

28.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 27, inclusive, as if herein set forth at length.

29.    Defendants Pacific Carrier and W Bockstiegel, as managers and owners of the M/V SKOGAFOSS, were responsible for manning, maintaining and repairing the vessel.

30.    The physical damage to the containers, as described in the First Cause of Action, was caused in whole or in part, by the negligence and fault of the said defendants in failing to

properly manage and operate the M/V SKOGAFOSS, in failing to properly man the vessel and to train its officers and crew, and in failing to properly maintain the vessel, its hull and machinery.

31. By reason of the foregoing, plaintiff has sustained damages in the total amount of $155,000, plus expenses, no part of which has been paid, although duly demanded.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of plaintiff against defendants for the amount of plaintiff's damages in the amount of at least $155,000, together with interests, costs and the disbursements of this action; and

3. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       January 6, 2014
       115-1297

                                         **CASEY & BARNETT, LLC**
                                         Attorneys for Plaintiff

                                    By: _____
                                         Martin F. Casey
                                         Christopher M. Schierloh
                                         65 West 36th Street, 9th Floor
                                         New York, New York 10018
                                         (212) 286-0225